The Chief Justíce
delivered the opinion of the Court.
This was an action of debt, on an injunction bond. Oyer was. not properly taken of the bond, and it is not in the record. But the condition of the bond, recited in the declaration, shews that it *165 was acknowledged by the principal and several sureties, to secure the payment of three judgments, which had been enjoined by the principal, and also the costs and damages, in the event of the dissolution of the injunction, or dismission of the bill.
s«¡texcon-jornde/oTco-pl’tffs. is ground of demurrer, n</n-suil or arrest, of judgment.But non-jain-def’ts Ts'onlv ground'of plea in aSaic-record, "hewS omitted defu. to be living, and jointly hound.
*165 The suit was brought, only against two of the sureties, and there is no averment of the death of the other sureties, or of the principal. s , '
The suit was abated, as to one of the persons sued. And the other filed two pleas.
The dismission of the bill, is averred, and the breaches are well assigned.
1st. That the condition of the bond had been performed.
2d. That before the execution of the'said writing obligatory, the injunction which had been granted, had been dissolved, and that there was no injunction when the bond was executed.
Issue having been taken on the first plea, and a demurrer to the second, having been sustained, the jury found a verdict for the plaintiff below, and the court rendered judgment for him, accordingly.
To reverse this judgment, this "writ of error is prosecuted with a supersedeas.
The errors assigned, question the sufficiency of the-declaration, and the correctness of the decision on the demurrer.
The declaration, although very inartificially drawn, contains, when the whole of it is examined, every thing essential, to shew a good cause of action. And we can perceive no substantial defect in it, unless it shews a defect of parties. There is a non-joinder of necessary parties, as defendants, apparent on the face of the declaration. And this defect, would have been fatal, if a plea in abatement, had been filed. But it is well settled, that advantage could be taken of this omission, only by plea in abatement.
If, in a suit, e® contmnlu, a party be omitted, who ought to be a co-plaintiff, advantage can be taken of the non-joinder, by demurrer, or bymotion fornon-suit or on arrest of the judgment.
Suit on writing, with names oí others beside that of def’t. subscribed to it, will not sustain demurrer for non joinder; for others may be dead, or never have acknowledged writing.
Suit against two, on joint and several obligation, executed by three, non-joinder must he pleaded in abatement.
If never any injunction, bond is not obligatory.
That which is expressly ac. Jtnowledged in writing, cannot be^iemerl yp ,wi " °^apfe®^'u(1 0'r mistake! lfn-teac-knowledge or ^arconsider-ation, plea denying con--without alle-t-audo^mis* take. For, ^¿^^led instruments, at common law>stat' ttte, has only degraded spe-unsealed wri-^¶1
*166 But it is not so, as to defendants, a- non-joinder of them, must be pleaded in abatement, unless the record shew, that the omitted party, be-not only living, but was jointly bound in the contract. I. Chitty, 24. I. Saunders, 291, b. n. 4. Ib. 154, a. 1.
If the suit be on a writing, the- fact, that the names oilers, not sued, are subscribed to it, with- that of ,lhe defendant,will.nojt sustain a demurrer for nom j.oinder,.because the simple circumstance, is not.evidence, that they are alive, or if alive, ever acknow-ledgéd, or are bound by the contract.
A suit on a joint and several obligation, should be brought against all, or only one-of the obligor's. But if a suit be instituted against two, on a joint and several obligation, executed by three,'the non-joinder must be pleaded in abatement, and cannot be taken advantage of, in any other mode, for the same reasons, which require such a plea, for a non-joinder of defendants, on a joint bond.. By seeking more than one, the plaintiff elects to enforce the joint, instead of the several liability, and “pro hac vice,” makes the objectionjoint. See I. Chitty, 25, and. L. Saunders, 291. e.
As therefore, there wns no plea in. abatement, in this case, it is too late, to object to the non-joinder of all the obligors.
And therefore, there is no valid objection now, to the declaration.
Nor is the second error sustained. If in fact, there was no injunction, the boncf would not be obligatory. But the obligors are estopped, to deny that an injunction was granted. . They have acknowledged in their bond, that one was granted, and that which is expressly acknowledged in writing, cannot be denied by plea, without an allegation of fraud or mistake. The plea does not aver, that there was no injunction, after the execution of the bond. Such averment might have been good. Hoard vs. Trimble, I. Littell’s Reports, 418.
Although the consideration of a note, may' be impeached by plea, if the note acknowledge or recite a particular consideration, a plea denying considera^ tion would be inadmissible.
If bond state tj^Vad'been when bond ^ ^dieting iedgement,W* inadmissible.
Triplett, for plaintiff; Crittenden, for defendant.
* 'The statute, a-llo-wingthe impeachment .of the com sideration of specialties, authorizes a plea- denying their consideration; in the same manner, and so far as the only consideration of writing without seal, was liable to be impeached, or denied by the principles of the common law. As by the common law7', w.ritten evidence,is 6f a-higher grade, than that which is parol, and cannot in general, be contradicted by it, therefore, whena writing, even withoatseal, acknowledged ex-pressiy a particular fact, it was not allowable to contradict it by oral testimony, Without proof of fraud pr mistake. • „
A party is estopped, to deny his own bond. This bond states, that an injunction had been granted, when the bond was executed; and therefore, the plea was inadmissible, to contradict the acknowledgement II. Starkie, 30; II. Littell’s Reports, 209. Anderson, vs. Barry, &c. II.J. J. Marshall, 265.
The legal construction of the bond, is, that it was executed for the purpose of giving the order for injunction effect.
Facts might have existed, which would'have been pleadable in bar; but none such are stated in the plea. The plea avers, only, that there was no injunction in existence, when the bond was acknowledged. This fact, if admitted, would not affect the action. For no junction can operate, or be said to' be in existence, until after the execution of the injunction bond.
The plea was therefore, not only inadmissible, but unnatural; therefore, the judgment is affirmed.